IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| N.E.L. and M.M.A., individually as Plaintiffs,<br><br>v.<br><br>Douglas County, Colorado and<br><br>Monica Gildner, Angela Webb, Tina Abney, Lesa Adame, Carl Garza in their individual capacities<br><br>Defendants | Case No. 1:15-cv-2847 |

**PLAINTIFFS' MOTION TO PROCEED ANONYMOUSLY AND TO REDACT IDENTIFYING INFORMATION FROM COURT-FILED DOCUMENTS**

Plaintiffs N.E.L. and M.M.A., through counsel and under D.C.COLO.LCivR 7.2, for their *Motion to Proceed Anonymously and to Redact Identifying Information from Court-Filed Documents* ("*Motion*"), respectfully submit:

**D.C. COLO.LCivR 7.1 STATUS OF CONFERRAL**

1.      At the filing of this *Motion,* none of the defendants has been served with the *Complaint*. As a result, conferral under D.C. COLO.LCiv ("Local Rule") 7.1 with opposing counsel, who is still unknown, is not yet possible. However, in order to make a good faith effort to confer with counsel for defendants, the *Motion* will be served with the *Complaint* on each defendant in the hope that opposing counsel will contact the undersigned so that conferral can take place and a report made to the Court.

**BACKGROUND**

2.      This case arises from highly sensitive and personal facts (set out in the

1

*Complain*t) involving Plaintiffs (when they were minors) and their eight siblings (who are still minors). For obvious reasons, Plaintiffs seek privacy for themselves and their family name to avoid humiliation, embarrassment and invasion of privacy resulting from events over which they had no control.

3.   This *Motion* asks the Court to order that publicly-filed documents refer to Plaintiffs by the initials used in the caption. In addition, Plaintiffs also ask that their parents be referred to as Mr. and Mrs. Doe, and that key witnesses, such as Dr. C., therapists, and Dr. G. and his wife, be referred to by their initials to protect both the children's doctor-patient privilege and the Doe family's identity. Plaintiffs also ask that the names of extended family members be redacted and/or referred to by initials or by a description of their relation to Plaintiffs, inasmuch as some extended family members have the same last name as the Does, and others share Mrs. Doe's maiden name. The Does' extended family is quite large on both paternal and maternal sides. The names of extended family members are likely to come up in connection with this case.

4.   Unless this *Motion* is granted, identifying the Doe family name and Mrs. Doe's maiden name would be tantamount to identifying the Does' children, including Plaintiffs. Identifying the family's treating physicians, or persons such as Dr. C., the Does' friends, Dr. G. and his wife (who Colorado authorities summarily ordered to serve as involuntary temporary guardians for the ten children and who are long-time friends of Mr. and Mrs. Doe), and the names of extended family members whose last names are the same as Plaintiffs or the same as Mrs. Doe's maiden name, would expose the identity of the Does' entire family, including the eight minor children.

5.   Plaintiffs seek a "modified" Level 1 restriction, as permitted by Local Rule 7.2, restricting public access to the names of Plaintiffs, the Doe family, their extended families

described above, the Plaintiffs' temporary guardians, their treating physicians and any other names that would likely reveal the Plaintiffs' and their family's identity.

## ARGUMENT

6.  Under Local Rule 7.2(c)(1), the documents or proceedings for which restriction is sought are as follows:

   a. All pleadings, motions, attachments or other documents filed with the Court prior to trial;

   b. All deposition and trial transcripts.

7.  Under Local Rule 7.2(c)(2), the "interest to be protected and why such interest outweighs the presumption of public access" is as follows:

   a. The interest to be protected is the privacy of the two Plaintiffs, who were minors when the highly sensitive and personal events took place, and the eight siblings, who are still minors. <u>The underlying proceedings giving rise to this case, in Kansas and Colorado, prohibit disclosing the identity of minors involved in such proceedings</u>. K.S.A. § 38-2210 *et. seq.*, and C.R.S. § 19-1-307.

   b. Necessarily, the Plaintiffs' interests in privacy outweigh the "presumption of public access," because this case arises from defendants' wrongful acts in pursing the statutory proceedings described in the *Complaint*.

8.  Under Local Rule 7.2 (c)(3), the "clearly defined and serious injury that would result if access is not restricted" is as follows;

   a. Plaintiffs and their eight minor siblings would be exposed to public humiliation, embarrassment and invasion of privacy with regard to highly

3

                sensitive and personal private events that made them victims of defendants' wrongdoing.

        b.    As previously pointed out in this District in a similar motion, children can react unpredictably and tragically when despairing from public humiliation, shaming and ridicule. Chief Judge Krieger granted said motion by an order dated June 13, 2013, in *Doe v. El Paso County Dept. of Human Services et. al.*, 1:13-cv-01287, Doc 18.

9. Under Local Rule 7.2 (4), this *Motion* actually seeks an "alternative" to complete Level 1 restriction by asking for redaction, the use of initials, the use of a pseudonym for Mr. and Mrs. Doe, and/or redactions of extended family names and identifying information.

10. Under Local Rule 7.2(5), the level of restriction sought is, therefore, a "modified" Level 1 restriction.

11. Defendants will suffer no prejudice if this *Motion* is granted because the names of Plaintiffs and the key witnesses in the case are readily available in internal government records, though those records are not public, that were created at the time of the events described in the *Complaint*.

12. Furthermore, the interests of the defendants will be adequately protected by the exchange of un-redacted information during discovery

13. Finally, defendants are already experienced in maintaining privacy for families connected to the type of proceedings giving rise to this case. Therefore, for defendants to maintain privacy in this case is not a burden additional to those they ordinarily assume.

14. Although normal judicial policy is to permit the public to have unrestricted access to court filings, in similar cases to this one involving children and highly sensitive and personal

facts, the Tenth Circuit follows the Eleventh Circuit's tests that permit the use of pseudonyms. *Femedeer v. Haun,* 227 F. 3d 1244, 1246 (10th Cir. 2000). Of those tests adopted by the Tenth Circuit, the one applicable here is "matters of highly sensitive and personal nature." To most people, and to these Plaintiffs, nothing could be more "sensitive and personal" than being embroiled as children in proceedings such as those set out in the *Complaint* involving extended family and issues of incest.

15. It would be no defense to say that the defendants already know the Plaintiffs' identities, which would only state the obvious because it was the defendants who initiated the actions against Plaintiffs that give rise to this case. Nor is it a defense to say that Plaintiffs' family name or even their own names may be contained in some public records. First, Plaintiffs' eight siblings are still minors, and their names are protected under the state statutes cited above. Second, "the fact that a record is maintained by a government agency does not inherently mean the record is open to the public." *See Roe v. Catholic Health Initiatives*, 11-cv-02179-WYD-KMT, 2012 WL 12840, (D. Colo. 2012) (opinion by Magistrate Tafoya granting anonymity). In the *Catholic Health Initiatives* case, the plaintiff was entitled to privacy protections by federal statute. Similarly, Plaintiffs' privacy is protected by the state statutes cited above, and should be preserved in this case for the same reasons explained in *Catholic Health Initiatives*. As Magistrate Tafoya observed, if the Court requires Plaintiffs to proceed under their own names, the Court itself may be violating "at least the spirit" of Plaintiff's statutory privacy protections in the underlying events.

WHEREFORE, Plaintiffs pray that the Court will order the modified Level 1 protections described above, as permitted by Local Rule 7.2, and grant such other and further relief that the Court deems just and proper.

Respectfully submitted,

MESSALL LAW FIRM, LLC

/s/ Rebecca R. Messall, Counsel for Plaintiffs
Rebecca R. Messall, CO Bar no. 16567
7887 E. Belleview Avenue, Suite 1100
Englewood, CO  80111
Phone 303.228.1685
Fax 303.228.2281
Email: rm@lawmessall.com
www.lawmessall.com

Attachment: proposed order

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2016, I caused to be electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court for the District of Colorado, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to attorneys of record who have consented in writing to accept this notice as service of this document by electronic means.

/s/ Rebecca R. Messall
Rebecca R. Messall, CO

.